**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRIBANK CAPITAL INVESTMENTS, INC., | No. 11-56327 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-03708-R-FFM |
| v. | MEMORANDUM[*] |
| ORIENT PAPER, INC., a foreign business corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted April 9, 2013
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BYBEE, Circuit Judges.

Appellant Tribank appeals the district court's order granting Orient's motion

to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue,

pursuant to a forum selection clause contained in the Consulting Agreement. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

have jurisdiction under 28 U.S.C. § 1291. Because we conclude that the record is not sufficiently developed to make a determination as to whether the forum selection clause contained in the Consulting Agreement applies to Tribank, we reverse and remand to the district court.

As a preliminary matter, we hold that the district court did not abuse its discretion in determining that it could consider the Consulting Agreement under the incorporation by reference doctrine. The authenticity of the Consulting Agreement is uncontested, and Tribank's complaint "necessarily relies on" the Consulting Agreement, *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam), because it is key to helping the court determine the nature of the contractual relationships among Tribank, Linear, and Orient, including the question of whether the parties agreed to exclusive jurisdiction in Hong Kong.

We cannot determine, however, based on this record, whether Tribank is bound by the Consulting Agreement's forum selection clause. Tribank is not a signatory to the Consulting Agreement—the Consulting Agreement was entered into between *Linear* and Orient. And it is not apparent from the record that Tribank is bound to Linear's contracts. Although Tribank's complaint indicates that Brad

2

Stewart was the president of both Tribank and Linear, there is no evidence in the record regarding whether there was any relationship between these separate corporate entities, *see Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004) ("The mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law."); *see also Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003), or whether "the alleged conduct of [Tribank] is so closely related to the contractual relationship [between Linear and Orient] that the forum selection clause applies." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988); *see also Holland America Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 454–56 & n.2 (9th Cir. 2007).

Thus, we reverse the judgment and remand to the district court with instructions that it hold an evidentiary hearing to determine the nature of the relationships between Tribank, Linear, and Orient before ruling on Orient's motion to dismiss.

There is also an additional factor the district court and the parties may wish to explore on remand. The Consulting Agreement is the only agreement in the record containing the terms that Tribank claims to be suing under, yet Tribank did not allege that the Consulting Agreement provided the basis for its claims; indeed,

3

Tribank continues to be vague as to the contractual source for its claims. If the Consulting Agreement is the basis for Tribank's contract claims, and the district court determines that Tribank cannot rely on—or be bound by—Linear's Consulting Agreement with Orient, the district court may find that the case can be more efficiently decided on the basis of Rule 12(b)(6) or summary judgment than Rule 12(b)(3).

We express no views on the resolution of these questions.

REVERSED and REMANDED.